_____ FILED   _____ ENTERED
_____ LODGED   _____ RECEIVED

**MAR 0 4 2026**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

Judge WHITEHEAD

# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TREYVON MITCHELL,<br><br>Defendant. | NO. CR24-164-21 JNW<br><br>**PLEA AGREEMENT** |

The United States through Assistant United States Attorneys Zachary Dillon and Crystal Correa of the Western District of Washington and TREYVON MITCHELL and his attorney Michael Nance, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B).

1.    **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the Third Superseding Indictment.

a.    Conspiracy to Distribute Controlled Substances, the lesser included offense of that charged in Count 1, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(B).

Plea Agreement - 1
*United States v. Treyvon Mitchell*, CR24-00164-21 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense.** The elements of the offense to which Defendant is pleading guilty are as follows:

    a. The elements of Conspiracy to Distribute Controlled Substances, as charged in Count 1, are as follows:

        i. First, beginning at a time unknown and continuing until at least October 2, 2024, there was an agreement between two or more persons to distribute controlled substances; and

        ii. Second, the defendant joined the agreement knowing of its purpose and intending to help accomplish that purpose;

3. **The Penalties.** Defendant understands that the statutory penalties applicable to the offense to which Defendant is pleading guilty are as follows:

    a. For the offense of Conspiracy to Distribute Controlled Substances, as charged in Count 1: A maximum term of imprisonment of up to forty years and a mandatory minimum term of imprisonment of five years, a fine of up to $5,000,000.00, a period of supervision following release from prison of at least four years, and a mandatory special assessment of $100.00.

**Drug Offense – Proof of Drug Quantity for Mandatory Minimum.** Defendant further understands that, in order to invoke the statutory sentence for the drug offense charged in 1, the United States must prove that Defendant's conduct as a member of the narcotics conspiracy charged in 1, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in 1, involved 40 grams or more of a mixture or substance containing fentanyl. Defendant expressly waives the right to require

the United States to make this proof at trial and stipulates as a part of this plea of guilty that Defendant's conduct as a member of the narcotics conspiracy charged in Count 1, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count 1, involved 40 grams or more of a mixture or substance containing fentanyl.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

4.   **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is

Plea Agreement - 3
United States v. Treyvon Mitchell, CR24-00164-21 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

not a citizen of the United States, or may have consequences with respect to citizenship status if Defendant is a naturalized citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. In some instances, a criminal conviction may be grounds for revocation of naturalized citizenship status. Removal, de-naturalization, and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration or naturalized citizenship status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any consequences that Defendant's guilty plea(s) may entail, even if the consequence is Defendant's removal from the United States or loss of naturalized citizenship.

5.    **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

a.    The right to plead not guilty and to persist in a plea of not guilty;

b.    The right to a speedy and public trial before a jury of Defendant's peers;

c.    The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d.    The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e.    The right to confront and cross-examine witnesses against Defendant at trial;

f.    The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g.    The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

Plea Agreement - 4
*United States v. Treyvon Mitchell*, CR24-00164-21 JNW

h.    The right to appeal a finding of guilt or any pretrial rulings.

6.    **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a.    The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d.    Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

Plea Agreement - 5
*United States v. Treyvon Mitchell*, CR24-00164-21 JNW

7.    **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8.    **Statement of Facts.** Defendant admits Defendant is guilty of the charged offense. The parties agree on the following facts:

a.    In 2023, the United States identified Defendant as a member of a drug trafficking organization ("DTO") identified as the Jackson DTO. Defendant admits he entered into an agreement with others known and unknown, including at least some of his co-defendants, to distribute controlled substances within the Western District of Washington.

b.    Agents lawfully seized social media communications between Defendant and Co-Conspirator 1. On May 22, 2022, Co-Conspirator 1 asked Defendant to come to Arizona and promised Defendant, "I'll show you how to touch 50 in a week no cap" referring to large scale drug trafficking. On January 12, 2023, Defendant messaged Co-Conspirator 1, "I got a jug call me" referring to a drug deal.

c.    Agents seized defendant's Instagram records, which connected him to other members of the conspiracy. On March 6, 2024, Defendant exchanged messages with an unidentified co-conspirator where they discussed picking up loads of drugs from Arizona and high value items of jewelry.

d.    On October 2, 2024, agents lawfully executed a federal warrant to search Defendant's residence in Kent, Washington. Inside, agents located the following firearms: (1) an American tactical .300 Blackout assault-style rifle, hidden behind the washing machine, (2) a loaded and chambered Glock .22 caliber pistol with an extended magazine, hidden underneath the living room coach, (3) a loaded Century Arms Micro Draco 7.62x39mm rifle, in Defendant's bedroom, and (4) a loaded Taurus handgun, in the back bedroom belonging to Defendant's mother. In Defendant's bedroom, near the draco rifle, agents found 40.2 grams

Plea Agreement - 6
*United States v. Treyvon Mitchell*, CR24-00164-21 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

(including packaging) of cocaine, multiple bottles of Promethazine Hydrochloride, 10 fentanyl laced pills, 75.5 grams (including packaging) of marijuana and three drug scales. In the living room, agents located three high valued necklaces: a pave diamond "Big 44" pendant; an 18-inch long, gold cable link pave diamond necklace; a pave diamond "Money" pendant; an 18.5-inch long, solid gold chain; a diamond "Mitch" pendant; and a 20-inch long, solid gold chain. Defendant admits that the firearms and associated ammunition facilitated the drug trafficking conspiracy because he possessed them to defend his person, drugs, and proceeds. Defendant admits that the jewelry is proceeds of the drug trafficking conspiracy.

e.      During that search, agents seized Defendant's phone which they searched pursuant to a lawful federal warrant. Messages from Defendant's phone exhibited ongoing drug trafficking. For example, on December 18, 2023, Defendant sent a group text to multiple unidentified co-conspirators: "Who got some blues I been having joogs." Blues refers to fentanyl pills and joogs refers to a drug deal. Later in the text chain, in reference to finding a potential supplier, Defendant asks the co-conspirators to "ask him the price for his boats" referring to the price for 1,000 fentanyl pills. The co-conspirator responded, $1,000. They agreed to contact other potential sources to seek out a better price of $500 to $600. They then find another supplier willing to sell a 1,000 fentanyl pills for $800, but Defendant decided it was still too expensive. On December 28, 2023, they discussed how they would split the profits and they agreed to split the profits "50/50." A thousand fentanyl pills weighs roughly 100 grams.

f.      On February 27, 2024, Defendant texts a potential drug customer: "I got some powder an molly tho too so let me know an I'll give u the boats for .70 an they up right now." In this message, powder refers to powdered fentanyl, molly refers to MDMA (also known as ecstasy) and a boat refers to 1,000 fentanyl pills.

Plea Agreement - 7
*United States v. Treyvon Mitchell*, CR24-00164-21 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

g.     On June 7, 2024, Defendant exchanged text messages with his unidentified supplier of fentanyl pills. The supplier told him that he had "5 boats" available referring to 5,000 fentanyl pills. Defendant agreed to buy a "boat" of "blues" referring to the purchase of 1,000 fentanyl pills. 5,000 fentanyl pills weighs approximately 500 grams.

h.     On September 22, 2024, Defendant texted one of his drug customers: "My people I had take a pacc for me too my jug got pulled over 3 weeks ago with my shit in the load so I been having to recover from that lost an bailing them out." (typos in original). On August 10, 2024, agents pulled over a vehicle belonging to the Jackson DTO and seized 100,000 fentanyl pills after agents intercepted Co-Conspirator 1 setting up a large drug deal with the DTO source of supply.

i.     On September 27, 2024, Defendant exchanged multiple text messages with a drug customer for the potential purchase of "a roll" referring to 100 fentanyl pills. Defendant told the customer, "I can get a boat which is a 1,000 of them for 600-650" referring to being able to purchase 1,000 fentanyl pills for between $600 to $650.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9.     **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

a.     A base offense level of 30, pursuant to USSG § 2D1.1(c)(5), because the relevant conduct involved at least 400 grams but less than 1.2 kilograms of fentanyl.

b.     A two-level enhancement because the defendant possessed a firearm,

Plea Agreement - 8
*United States v. Treyvon Mitchell*, CR24-00164-21 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

pursuant to USSG § 2D1.1(b)(1).

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10.    **Acceptance of Responsibility.** At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11.    **Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States agrees to recommend at the time of sentencing that the appropriate term of imprisonment to be imposed by the Court is a term no greater than the low-end of the advisory guideline range as calculated by the Court at the time of sentencing or any applicable mandatory minimum sentence, if greater than the low end of the guideline range. Defendant is free to make any recommendation permitted by law. Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

12.    **Forfeiture of Assets.** Defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the United States immediately Defendant's right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds that Defendant obtained, directly or indirectly, as the result of his commission of Conspiracy to Distribute Controlled Substances, the lesser included offense of that charged in Count 1 of the Third Superseding Indictment, as well as any of Defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, this offense. All such property is subject to forfeiture pursuant to Title 21, United States Code, Section 853, and includes, but is not limited to, the following property, seized on or about October 2, 2024, from Defendant's residence, located at 9903 S. 248th Street, Apartment C202, Kent, Washington, further described as:

> a.    One pave diamond "Big 44" pendant;
>
> b.    One 18-inch long, gold cable link pave diamond necklace;
>
> c.    One pave diamond "Money" pendant;
>
> d.    One 18.5-inch long, solid gold chain;
>
> e.    One pave diamond "Mitch" pendant;
>
> f.    One 20-inch long, solid gold chain;
>
> g.    One Taurus handgun, and any associated ammunition;
>
> h.    One Century Arms Micro Draco 7.62x39mm rifle, and any associated ammunition;
>
> i.    One American Tactical .300 Blackout rifle, and any associated ammunition; and
>
> j.    One Glock .22 caliber pistol, and any associated ammunition.

Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any

Plea Agreement - 10
*United States v. Treyvon Mitchell*, CR24-00164-21 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

documents necessary to effectuate such forfeiture; assisting in bringing any assets located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any of the above-described property in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated, and agrees not to assist anyone else in making a claim to this property.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any interest, if that property facilitated and/or constitutes proceeds of his commission of the offense of Conspiracy to Distribute Controlled Substances, the lesser-included offense charged of that charged in Count 1.

13.    **Abandonment of Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband, or any other firearms, magazines, ammunition, or firearms accessories, that were in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that property.

14.    **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation, and moves to dismiss the remaining counts in the Third Superseding Indictment at the time of sentencing. In this regard, Defendant recognizes the United States Attorney's Office for the Western District of Washington has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

15. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant and/or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

16.    **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes any procedural challenges to the sentence, including any claim that the procedure employed at sentencing violated Defendant's constitutional rights.

Defendant also agrees that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction.

Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those

Plea Agreement - 13
*United States v. Treyvon Mitchell*, CR24-00164-21 JNW

with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

17.    **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

18.    **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, or Defendant withdraws from this Plea Agreement after it has been accepted by the Court, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office; or (3) thirty days following the grant of a motion to withdraw from the Plea Agreement.

//

//

Plea Agreement - 14
*United States v. Treyvon Mitchell*, CR24-00164-21 JNW

19.    **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 4th day of March, 2026.


TREYVON MITCHELL
Defendant


MICHAEL NANCE
Attorney for Defendant


VINCENT T. LOMBARDI
Assistant United States Attorney


ZACHARY W. DILLON
CRYSTAL C. CORREA
Assistant United States Attorney

Plea Agreement - 15
*United States v. Treyvon Mitchell*, CR24-00164-21 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970